# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Alexander S. Langer,

      Plaintiff,

      v.

121 Inflight Catering, LLC,

      Defendant.

No. 3:14-cv-00861 (MPS)

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Alexander S. Langer asserts an age discrimination claim against 121 Inflight Catering, LLC ("Inflight"), arising from his unsuccessful application for employment as a driver.  Inflight has moved for summary judgment on the single count set forth in Langer's complaint, which alleges a violation of the Age Discrimination in Employment Act ("ADEA").  I conclude that there is no genuine dispute that the Inflight employee responsible for hiring decisions chose against hiring Langer because of his improper parking and the smell of alcohol on his breath, and not because of his age.  Inflight's motion for summary judgment is therefore GRANTED because it is entitled to judgment as a matter of law.

## I.   <u>Background</u>

### A.  Procedural History

Langer filed this action on June 13, 2014.  On May 29, 2015, Inflight filed a motion for summary judgment, along with a D. Conn. L. Civ. R. 56(a)(1) statement.  (ECF Nos. 28, 28-11.) Inflight also filed – and mailed to Langer – a "Notice to *Pro Se* Litigant" as required by D. Conn. L. Civ. R. 56(b).  (ECF No. 28, at 3; ECF No. 28-12.)  Langer filed a memorandum in opposition on July 22, 2015, but failed to include a Local Rule 56(a)(2) Statement or a "Disputed Issues of

Material Fact" section, as required by D. Conn. L. Civ. R. 56(a)(2).  (ECF No. 32.)[1]  Inflight

filed a reply on July 28, 2015 (ECF No. 33), and Langer filed an "objection" to that reply on

August 10, 2015 (ECF No. 34).  In both of his memoranda, Langer fails to cite or attach any

evidentiary material.  While he makes several assertions of fact in his memoranda, arguments in

memoranda are not evidence.  *See, e.g.*, *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009)

("An attorney's unsworn statements in a brief are not evidence." (citation omitted)); *Giannullo v.*

*City of New York*, 322 F.3d 139, 142 (2d Cir. 2003) ("[T]he defendants' memorandum of law . . .

is not evidence . . ."); *Ortiz v. Regan,* 749 F. Supp. 1254, 1263 (S.D.N.Y. 1990) ("[A]ssertions in

a brief are not evidence of anything . . ." (citations omitted)).  Thus, the summary judgment

record consists solely of evidence submitted by Inflight.  For the purpose of providing context to

Langer's claims only, I include the allegations made in Langer's complaint in the following

factual summary.

###    B.  Factual Background

On October 7, 2013, Inflight posted a job listing on Craiglist.com, a classified

advertisements website.  (Def.'s MSJ Ex. C, at 7.)  The listing sought experienced drivers for a

position consisting of "early morning [and] weekend runs to tri-state area airports."  (*Id*.)

Langer, who was 68 years old at the time (*see* Compl. ¶ 9), responded to the listing by sending

an email indicating his interest in the driver position (Def.'s MSJ Ex. C, at 7).  Responding to

Langer's email, an Inflight representative arranged an in-person interview to take place on

October 10, 2013, at Inflight's restaurant in Oxford, Connecticut.  (*Id*. at 8.)

---

[1] D. Conn. L. Civ. R. 56(a)(3) provides this Court with the authority to sanction Langer because of his failure to file documents required by Local Rule 56(a)(2).  It states, "Counsel and *pro se* parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)(1) or in the Court imposing sanctions, including, . . . an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law."  Given Langer's *pro se* status, however, I choose not to impose such sanctions and consider the evidence in the record in light of Langer's arguments.  *Cf. Wilks v. Elizabeth Arden, Inc.*, 607 F. Supp. 2d 179, 185–86 (D. Conn. 2007).

Danielle Kahn conducted Langer's interview.  Kahn was responsible for hiring individuals for the driver position at issue.  (Kahn Aff., ECF No. 28-4, at ¶ 1.)  When Langer arrived at the restaurant, he "parked sideways in the very first parking space at the facility."  (*Id.* at ¶ 2(a).)  Langer states that he "parked his car in front of the main entrance door" because he thought he had arrived at the incorrect address.  The person who answered the door told him to park his car.  (Pl.'s Opp. Mem. at 2.)  During the interview, Kahn asked Langer about his driving experience, knowledge of the area airports, and whether he had received any driving citations.  (Compl. ¶ 19–20.)  Kahn "detected the smell of alcohol" on Langer's breath throughout the conversation.  (Kahn Aff. ¶ 2(b).)

Langer did not receive a response from Inflight.  (Pl.'s Opp. Mem. at 2.)  Langer alleges that a week after the interview, he called Inflight's phone number and asked the individual who answered if he could speak to Kahn.  (Compl. ¶ 22.)  After giving his name, the individual who answered the phone informed Langer that the position was no longer open.  (*Id.*)  In his "Initial Discovery Disclosure" – which Inflight submitted as evidence – Langer asserted that when he called Inflight several days later without informing them of his identity, the unidentified individual who answered the phone informed Langer that Inflight was "hiring young, energetic guys."  (Def.'s MSJ Ex. C, at ¶ 3(a).)  On December 19, 2013, the same job listing was again posted on Craigslist.  (Def.'s MSJ Ex. C, at 9.)

## II.    <u>Legal Standard</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A genuine issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Wright v. Goord*, 554 F.3d 255, 266 (2d

Cir. 2009) (citations and internal quotation marks omitted).  In addressing the motion, the Court "must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."  *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citation omitted).  "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.  More specifically, [the opposing party] . . . may not rely on conclusory allegations or unsubstantiated speculation."  *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted).

## III.   Discussion

Langer asserts that, by failing to hire him as a driver, Inflight discriminated against him on the basis of his age in violation of the ADEA.  The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's age."  29 U.S.C. § 623(a)(1).[2]

> It is well established that the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies to claims brought under the ADEA.  Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination.  Once this burden is met, the defendant must then articulate some legitimate, nondiscriminatory reason for its action.  The defendant need not persuade the court that it was actually motivated by the proffered reason.  It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.  When the employer meets its burden, the plaintiff can no longer rely on the prima facie case, but must prove that the employer's proffered reason was a pretext for discrimination.  Since the Supreme Court's decision in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) eliminating the mixed-motive analysis as to ADEA claims, a plaintiff bringing a disparate-treatment claim pursuant to the ADEA satisfies this burden by presenting facts, which taken in his favor, suffice to show that a triable issue exists as to whether his age was a but for cause of his termination.

---

[2] The ADEA protects individuals who are older than 40 years.  29 U.S.C. § 631(a).  Inflight does not contest that Langer was 68 years old at the time that he applied for the driver position.

*Delany v. Bank of Am. Corp.*, 766 F.3d 163, 167–68 (2d Cir. 2014) (citations, internal quotation marks, and alterations omitted).

To establish a *prima facie* case of discrimination, the plaintiff must show: "(1) that [he] was within the protected age group, (2) that [he] was qualified for the position, (3) that [he] experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citation omitted). "A plaintiff's burden of establishing a *prima facie* case is *de minimis*. The requirement is neither onerous, nor intended to be rigid, mechanized, or ritualistic." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 467 (2d Cir. 2001) (citations and internal quotation marks omitted). Inflight argues that summary judgment is warranted because the evidence does not support even a *prima facie* showing of discrimination. It contends that the evidence shows no circumstances giving rise to an inference of discrimination.

I agree with Inflight that the record lacks evidence of circumstances giving rise to an inference of discrimination. The only piece of evidence in the record potentially supporting Langer's assertion of age bias is his own assertion that the individual who answered his second post-interview call to Inflight told him that Inflight was "hiring[] young, energetic guys." (Def.'s MSJ Ex. C, at ¶ 3(a).) Despite the *de minimis* nature of Langer's burden to make a *prima facie* showing, this evidence alone does not give rise to an inference of discrimination. Crucially, there is no evidence attributing the purported statement to Kahn. Because Kahn was the individual who made the decision of whether or not to hire Langer (Kahn Aff. ¶ 1), the evidence must give rise to an inference that *Kahn* engaged in age discrimination by not hiring him. Langer's failure to submit any evidence tying Kahn to the statement that Inflight was seeking

"young, energetic guys," in the absence of any other evidence giving rise to an inference of discrimination, defeats his ADEA claim.

Despite Langer's failure to provide a *prima facie* showing of age discrimination, in light of his *pro se* status I also consider whether he could prevail in the event that he had made such a showing.  I conclude that he cannot.  Because Inflight provides two independent nondiscriminatory reasons for not hiring Langer – and Langer fails to submit evidence demonstrating that either reason is pretext for age discrimination – no reasonable juror could find that Langer has proven a violation of the ADEA.

According to Kahn, she chose not to hire Langer for two reasons: (1) Langer improperly parked his car in a direction perpendicular to the lined spaces in the restaurant parking lot when he arrived for his interview, and (2) Langer's breath smelled of alcohol during the interview. (*See* Kahn Aff. ¶ 2.)  Langer has submitted no evidence suggesting that these reasons for not hiring him are pretext for age discrimination.

In his memoranda, Langer does not resist Inflight's assertion that he parked perpendicular to the lines in the restaurant lot.  He instead asserts that Inflight incorrectly identified his vehicle as a limousine in its briefing before the Connecticut Commission on Human Rights and Opportunities. (Pl.'s Opp. Mem. at 8.)  Inflight has not suggested to this Court, however, that Langer's vehicle was a limousine, and the make of vehicle is in any event not a material aspect of the reason given by Inflight.  Langer also argues that Kahn could not have observed how Langer parked in the restaurant lot because "[f]rom the restaurant's kitchen area she was not able to observe anything on the front parking lot." (*Id.* at 7.)  But Langer fails to provide any evidence supporting this assertion, and also fails to explain how he could have personal knowledge of Kahn's observation point within the building while his vehicle remained in the

parking lot.  Further, in his opposition brief, Langer acknowledges that he "parked his car in front of the main entrance door" and was then told to move his car.  (*Id.* at 2.)

I also consider whether Langer would be able to prove at trial that Inflight's second independent reason for not hiring him – that his breath smelled of alcohol – was pretext for age discrimination.  He would not.

In response to Inflight's claim that Kahn smelled alcohol on Langer's breath, Langer asserts that "being a corporate professional driver for nearly forty (40) years, [Langer has] <u>never</u> <u>ever</u> had alcoholic smell on his breath."  (*Id.* (emphasis in original); *see also id.* at 10 ("Mr. Langer, as always, was **100% sober** and every accusation to the contrary must be set aside, as utterly vecordious." (emphasis in original)).)[3]  As stated, these assertions are not evidence. Langer cites no actual evidence supporting these claims.  No reasonable juror could find that Langer has met his burden of demonstrating that this reason for not hiring him is pretext because Langer provides no evidence at all.  *Robinson*, 781 F.3d at 44 ("Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact. More specifically, [he] must do more than . . . rely on conclusory allegations . . ." (internal quotation marks omitted)).

Finally, Langer argues that if his breath actually smelled of alcohol during the interview, Kahn could have asked Langer about it, directed him to a drug test facility, or asked him to take a breathalyzer test.  (Pl.'s Mem. Opp. at 7.)  This argument, even if it was supported by

---

[3] The parties also disagree as to whether Langer admitted, in a prior submission to the Court, that his breath smelled of alcohol during the interview as a result of his diabetic condition.  (*See* Ex Parte Statement, ECF No. 20.)  Langer argues that the Court should not consider the statements made in that document because it was intended to be confidential.  I need not determine whether I can consider the document in addressing the summary judgment motion because, even without Langer's admission that his breath smelled of alcohol, he has failed to submit any evidence showing that this reason for choosing not to hire him is pretextual.

admissible evidence, does not raise a genuine dispute of fact about whether Inflight's second reason for not hiring him is pretextual.  Kahn was under no obligation to investigate the actual cause of the "alcohol smell" on Langer's breath.  More importantly, Langer's argument provides no basis for challenging Kahn's assertion that Langer's breath smelled of alcohol or that this was one of the reasons for not hiring him.

As a final matter, for the same reason discussed above, Langer's claim that he was told by an Inflight employee that they were looking for "young, energetic guys" does not sufficiently prove that Inflight's stated reasons for not hiring Langer are pretext for age discrimination.  Kahn was responsible for deciding whether or not to hire Langer.  (Kahn Aff. ¶ 1.)  The statement purportedly made to Langer is not attributed to Kahn.  Thus, even assuming that Langer was told by the unidentified speaker that Inflight was seeking "young, energetic guys," that does not tend to prove that Kahn's two independent reasons for not hiring Langer are pretextual.

Because Inflight has provided evidence in support of its nondiscriminatory explanations for not hiring Langer, and Langer has failed to provide any evidence showing that these reasons are pretext for unlawful discrimination, his claim fails as a matter of law.[4]

## IV.    <u>Conclusion</u>

Because no reasonable juror could find that Langer has submitted sufficient evidence to prove an age discrimination claim and because Inflight is entitled to judgment as a matter of law on Count One, I GRANT Inflight's motion for summary judgment.  The Clerk is directed to close the case.

---

[4] In his complaint, Langer also suggests that he was not hired because of his ethnicity or nationality.  (*See* Compl. ¶ 32 ("The Defendant rejected the Plaintiff, because of his age *and/or ancestry*." (emphasis added)).)  He does not assert a count of such discrimination in his complaint, nor does he pursue this argument in his memoranda regarding Inflight's summary judgment motion.  Even if he did pursue a claim of discrimination of the basis of ethnicity or nationality, however, Langer's failure to provide any evidence supporting his claim of discrimination – or demonstrating that Inflight's explanations for not hiring him are pretextual – would be fatal to such a claim.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              March 7, 2016